The opinion of the court was delivered by
Huston, J.
Few legislative enactments have been the subject of more discussion in courts of justice, than the statute to prevent frauds and perjuries; the literal construction of which would avoid all agreements respecting lands, for any title which is to last longer than three years. - A construction was, however, early adopted, and has been uniformly sanctioned by all courts since the date of the law, which I believe to be the true construction,, and which I suppose no court in this state is now at liberty to depart from, because, in many cases, any other construction would work the grossest injustice; because solemn decisions, made repeatedly and during a long period, become rules of property, and ought for the sake of certainty to be adhered to, as if they had been originally part of the text of the statute. And because, in this state, our legislature have very directly sanctioned the construction given by the court, on the act in question, and have extended the effects of that construction in a very important particular, and in very plain language, by the act of the 19th of March, 1818, Purd. Dig. 125. This act empowers the court, in a summary way, to enable executors or administrators to carry into effect parol contracts for the conveyance of land, where such contracts shall, in the opinion of the court, have been so far in part executed as to render it unjust .to rescind the same. And, in another part of the act, it directs the court to proceed on the petition, if it shall be of opinion that the case therein disclosed doth not come within the meaning of the act for the prevention of frauds and perjuries, &c. In this state, then, an uniform series of decisions, sanctioned by such a legislative recognition, has perhaps put it beyond the power of a court, *356 which should be disposed so to do, to return to the strict letter of the act. There will arise cases, in which a court may doubt whether the land should be held or not; but, in such cases, all the evidence must be heard and carefully weighed. Whether delivery of possession alone, or payment of money alone will take a case out of the statute, is a question which it is not necessary to decide in this cause, for the defendants offered to prove both. I will only say, that if on a parol sale possession is delivered of property of little value, and that possession is held for a long time, until by gradual improvement and much labour it is rendered valuable, it is possible it might, and that it ought to be considered a valid transfer, on the consideration being paid, even at a distant period. It is also possible, that payment of money alone, without taking possession, may make a strong case, as, where unseated lands are agreed to be sold, and the purchaser proceeds for years, paying annually the instalments, paying taxes, &c. I give no positive opinion on these points. What is just, where it would be unjust to rescind the contract, must depend on what is proved in each case.
In this case, the court is of opinion the evidence ought to have gone to the jury: if proved as stated, it would have made a very strong case. In the argument, much was said of the danger of relying on confessions or declarations of the party, to prove a parol sale. A single declaration to a single person is not the most satisfactory evidence in all cases; but still it is evidence, and must be heard. Repeated declarations to the same effect, made at different times to different persons, during a long period, are among the most satisfactory of proofs. How far the witnesses will support the whole of the points, or how far they will be believed by the jury, are other matters. If all is proved, and all believed, the plaintiff has no right, or only a right to what balance may clearly appear to be due him from William. And if the testimony contained in the other part of the defendants’ offer, satisfies the jury that John was present at different times when the sheriff offered the property for sale, and never hinted at any claim of his own until after the deed was made, and money paid, he has no colour of right to any thing. -
Judgment reversed, and a venire facias de novo awarded.